UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV-232-R

PROGRESSIVE NORTHERN INSURANCE COMPANY                                   PLAINTIFF

v.

THERM TECHNOLOGY CORPORATION,
MONACO COACH CORPORATION, and
LAZY DAYS R.V. CENTER, INC.                                              DEFENDANTS

## OPINION AND ORDER

Defendant Lazy Days R.V. Center, Inc. ("Lazy Days") has filed a motion to transfer (Dkt. # 17). Plaintiff Progressive Northern Insurance Company ("Progressive Northern") responded (Dkt. # 20), as did Defendant Therm Technology (Dkt. # 23). Lazy Days replied (Dkt. # 26) and this matter is now ripe for decision. For the reasons given below, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff Progressive Northern, as subrogee of its insured Paducah Paving Company, brought the instant action after a motor coach purchased by its insured caught fire and damaged the insured's property where it was parked, as well as several other vehicles parked nearby. Complaint (Attachment #1 to Dkt. # 1). The contract by which Progressive Northern's insured purchased the motor coach, called the "Buyer's Order," contains a forum selection clause which requires that "any and all actions of any kind relating to the item(s) sold must be filed in Hillsborough County, Florida." (Attachment # 2 to Dkt. # 17). Progressive Northern now seeks to enforce this forum selection clause, and requests that the Court transfer this case to the United

1

States District Court for the Middle District of Florida, Tampa Division.

## DISCUSSION

Because the Court agrees that 28 U.S.C. § 1404(a) and applicable case law dictate that the forum selection clause should be given effect in this case, Defendant's motion will be granted.

28 U.S.C. § 1404(a) governs the transfer analysis in this case because venue would be proper in this Court; therefore, the transfer would be "[f]or the convenience of parties and witnesses" and "in the interest of justice" rather than one mandated by the Rules' venue provisions. As the Supreme Court said in *M/S Bremen v. Zapata Off-Shore Co.*, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. 1, 10, 92 S.Ct. 1907, 1913 (1972) (footnote omitted).[1] When analyzing whether a transfer under § 1404(a) is appropriate, a forum selection clause "should receive neither dispositive consideration ... nor no consideration ... but rather the consideration for which Congress provided in § 1404(a)." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988). As the Sixth Circuit has said:

> The Supreme Court pointed out that in addition to the forum selection clause, which is "a significant factor that [should figure] centrally in the District Court's calculus," the lower court should consider a number of other case-specific factors. [487 U.S.] at 29, 108 S.Ct. at 2244. These factors are derived from the explicit wording of the statute, and can be distinguished on the basis of the interests which they affect. Therefore, in ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their

---

[1] Although the *Bremen* case specifically dealt with federal courts sitting in admiralty, the Sixth Circuit has cited it for this proposition in a diversity case. *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991).

> convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of "interests of justice." *Id*. at 30, 108 S.Ct. at 2244.

*Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1136-37 (6th Cir. 1991).

Progressive Northern and Therm Technology Corporation ("Therm") argue that because the forum selection clause was contained in a contract signed between Progressive Northern's insured (not Progressive Northern itself) and Lazy Days it does not operate to bind Progressive Northern. As our sister court in *Acuity v. Planters Bank, Inc.* observed, the law of subrogation in Kentucky dictates that "[t]he rights and remedies of the subrogee ... are never greater than those of its subrogor ... and, in fact, are subject to any pre-existing defenses and limitations." 362 F.Supp.2d 885, 889 (W.D.Ky. 2005); *see also Federal Deposit Ins. Co. v. Wilhoit*, 180 S.W.2d 72 (Ky. 1943). Progressive Northern, then, stands in the shoes of its insured *vis a vis* the purchase of the motor coach in question; it acquired from its insured both the right to pursue the causes of action in question but also the limitations on those causes of action.

Progressive Northern and Therm also argue that considerations of convenience weigh in favor of denying the transfer motion. Although there are undoubtedly some witnesses and evidence here in Kentucky, the Court notes that Progressive Northern has put at issue in the case not only breaches of warranty, but also products liability issues. In most such cases, a significant amount of evidence is developed regarding the design and/or manufacturing process used to produce the product in question; because none of the Defendants are located in Kentucky, it is likely that a significant portion of the evidence in this regard would be developed out-of-state, where the persons involved in these processes are located. Further, no evidence has been put before the Court to indicate that it would be significantly easier for Therm and Monaco to defend

the suit in Kentucky than it would for them to defend it in Florida; Therm is a Michigan corporation and Monaco an Oregon corporation. Finally, and significantly, the forum selection clause in the Buyer's Order, in addition to specifying venue, also provides that Florida law will govern the "sale and [the] contract and all negotiations and discussions" involved in the purchase of the coach; therefore, Florida substantive law is likely to apply to at least some of Plaintiff's claims, and a Florida court is more likely to be familiar with the application of such law.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Transfer is **GRANTED**. The case is hereby ordered transferred to the United States District Court for the Middle District of Florida, Tampa Division.

**IT IS SO ORDERED**.